**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 07-0088ML |
| | ) | |
| ROBERT PORTMAN and | ) | |
| CANDY PORTMAN | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANTS'
MOTION FOR A DOWNWARD DEPARTURE**

The United States of America, by and through its undersigned attorneys, respectfully submits this Objection to defendants' Motion for Downward a Departure. In support of its Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich

ANDREW J. REICH
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000 -- (401) 709-5001 (fax)
email: andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2007 I caused the within Government's Objection to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system and served by electronic notification upon:

Scott Lopez, Esq.
24 School St.
8th Floor
Boston, MA 02108

/s/ Andrew J. Reich

ANDREW J. REICH
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000 -- (401) 709-5001 (fax)
email: andrew.reich@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 07-0088ML |
| | ) | |
| ROBERT PORTMAN and | ) | |
| CANDY PORTMAN | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION**
**TO DEFENDANTS' MOTION FOR A DOWNWARD DEPARTURE**

Defendants Robert Portman and Candy Portman have moved this Court to depart downward from the Sentencing Guidelines (the Guidelines or U.S.S.G.) range set forth in the presentence report (PSR), or in the alternative, for a sentence variance pursuant to 18 U.S.C. § 3553(a). Their Motion is based primarily on the grounds of extraordinary family circumstances. In this Memorandum, the government will address the issue of departure. The government will address the issue of a variance at the time of sentencing.

In light of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the Guidelines and must take them into account when sentencing. Compliance with Booker necessitates that Guidelines calculations be prepared by the U. S. Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the

Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable Guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a Guidelines analysis, pre-Booker case law still applies. Whether the Guidelines are mandatory or advisory, such case law interprets and explains the Guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that "there exists an aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the Guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002).

The Guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a Guidelines departure. Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a Guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the Guidelines only if the factor is present to an

exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the Guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997).

Section 5H1.6 of the Guidelines states, in part, that "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Thus family ties and responsibilities are discouraged factors upon which to base a departure decision under the Guidelines. To base a departure on this factor, the family ties or responsibilities must be present to an exceptional degree, distinguishing it from the ordinary case. United States v. Louis, 300 F.3d 78, 81-82 (1st Cir. 2002). As noted by the Louis Court:

> A defendant's incarceration will invariably cause hardship to his family. We cannot 'presume, as a general matter, that the Commission either overlooked or inadequately considered' such a consequence in formulating the guidelines. Id. (quoting United States v. Clase-Espinal, 115 F.3d 1054, 1057 (1st Cir. 1997)).

While the government is not unsympathetic to the family circumstances set forth in defendants' Motion, we do not believe these circumstances are exceptional. For this reason, we

do not believe that a downward departure based on family circumstances is warranted.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrew J. Reich

ANDREW J. REICH
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000 -- (401) 709-5001 (fax)
email: andrew.reich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2007 I caused the within Government's Memorandum to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system and served by electronic notification upon:

Scott Lopez, Esq.
24 School St.
8th Floor
Boston, MA 02108

/s/ Andrew J. Reich

ANDREW J. REICH
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000 -- (401) 709-5001 (fax)
email: andrew.reich@usdoj.gov